UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SIGA BROADCASTING CORPORATION,

               Plaintiff,

-against-

**MEMORANDUM AND ORDER**
07-CV-2369 (ENV)

KAHN COMMUNICATIONS, INC.,

               Defendant.[1]
------------------------------------------------------------x

**VITALIANO**, United States District Judge:

On June 12, 2007, Leonard Kahn, a resident of New York, filed this action as a "Motion to Transfer in View of Diversity of Citizenship and Erroneous Venue and Counterclaim," seeking to transfer a breach of contract complaint pending against his company, Kahn Communications, Inc., in Texas state court to this court.[2] Although Kahn paid the filing fee to bring a civil action, his application is construed as a notice of removal pursuant to 28 U.S.C. §§ 1441-1446 and is denied for the reasons discussed below.

## BACKGROUND

On April 2, 2007, April 30, 2007 and May 31, 2007, Kahn filed similar actions seeking to transfer or remove a breach of contract complaint from Virginia state court to this court. Kahn's motions were denied and the cases were dismissed. See Kahn v. Gee Broadcasting, No. 07-CV-1370 (ENV) (LB); Kahn v. Gee Broadcasting, No. 07-CV-1875 (ENV); Kahn v. Gee Communications, Inc., 07-CV-2210 (ENV) ("Gee Broadcasting cases").

---

[1] This action was mistakenly opened listing Kahn Communications, Inc. and Leonard R. Kahn as the plaintiffs and Siga Broadcasting Corporation., as the defendant; the caption should be as it appears in the District Court of Harris County, Texas: Siga Broadcasting Corporation, Plaintiff, v. Kahn Communications, Inc., Defendant.

[2] The Court notes that it appears that Kahn brings this action *pro se* on his behalf, but that attorney Leonard L. Stark has filed on behalf of Kahn Communications, Inc.

As discussed in detail in the Court's prior orders involving the Gee Broadcasting cases, this Court has no jurisdiction to "transfer" or "remove" a case pending in the District Court of Harris County, Texas. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place *where such action is pending.*" 28 U.S.C. § 1441(a) (emphasis added). Thus, any application for removal by Kahn or Kahn Communications, Inc. should be made to the United States District Court for the Southern District of Texas, not to this court.

## CONCLUSION

Accordingly, Kahn's "Motion to Transfer in View of Diversity of Citizenship and Erroneous Venue and Counterclaim" is denied. Moreover, as this is Kahn's fourth action seeking to remove an out of state case to this court, he is warned that the future filing of similar actions may result in an order barring the acceptance of any future actions for filing without first obtaining leave of the Court to do so. 28 U.S.C. § 1651. The Clerk of Court shall close this case.

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
JUN 2007

2